SCOTT E. BRADFORD, OSB #062824
United States Attorney
District of Oregon
**LEAH K. BOLSTAD, OSB #052039**
Leah.Bolstad@usdoj.gov
Assistant United States Attorney
1000 SW Third Avenue, Suite 600
Portland, OR 97204-2902
Telephone: (503) 727-1000
Attorneys for United States of America

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA | 3:22-cr-00139-SI |
| v. | **GOVERNMENT'S SENTENCING MEMORANDUM** |
| **MICHAEL JAMES ALLEN,** | |
| **Defendant.** | |

### Introduction

Defendant has a lengthy and violent criminal history.  He is a methamphetamine addict who refuses to obey the law, in part, because he likes to commit crime.  PSR ¶ 41.  His history includes breaking into cars, stealing property, identity theft, forgery, felony failure to register as a sex offender (twice), robbery, felon in possession of a firearm, eluding the police at high speed, assault II with a deadly weapon, and attempted kidnap in the first degree.  During the brief periods when he is on post-prison supervision, he commits new offenses or absconds and quickly finds himself back in custody.  He has no business being near firearms.  He is a danger to the

**Government's Sentencing Memorandum**                                      **Page 1**

community.  The government recommends an above-guideline 63-month sentence of imprisonment, a three-year term of supervised release, and a $100 fee assessment.

## I.    Background

### A.    The Offense Conduct

In March 2022, law enforcement looking for this fugitive defendant determined that he was staying in Room 12 at a motel NE Sandy Blvd and NE 148th Ave. in Portland, Oregon. They approached him as he was working on a Toyota Corolla, and defendant bolted back inside Room 12, shut the door, and escaped out the back window.  One deputy observed defendant run across the street where he forced his way into an R.V.  He barricaded himself inside while the R.V. occupants fled.  Defendant eventually surrendered.  PSR ¶ 15.

During a subsequent search warrant execution in Room 12, deputies found a loaded Smith and Wesson MP Shield 9mm handgun (at left) in a nightstand; this firearm was stolen. They found a loaded Sarsilmaz SAR 9mm handgun (at right) under the bed; this firearm had an obliterated serial number.

 

Investigators observed drug paraphernalia throughout the motel room.  Inside the Toyota

Corolla, officers observed what appeared to be a fresh bullet hole in the roof, shot from inside

towards the outside.  They also found two loaded magazines in the room and five loaded AR15

rifle magazines inside the Toyota Corolla.  PSR ¶ 17.



DNA testing was later performed on swabs from the two firearms and compared to

defendant's DNA.  Defendant was found to be a contributor to the mixture of DNA swabbed

from each firearm.  PSR ¶ 18.

Defendant has prior felony conviction cycles for (1) Attempted Kidnapping I, Attempted

Assault I, and Felony Elude (2015); (2) Assault II (x2) (2015); (3) Felon in Possession of a

Firearm (2011); and (4) Identity Theft (2011).  At the time of the instant offense, defendant knew

he had been convicted of crimes punishable by terms of imprisonment exceeding one year

because he previously served multiple sentences exceeding 13 months.

B.    **Procedural History**

On April 21, 2022, the grand jury returned an indictment charging defendant with one count of Felon in Possession of a Firearm, in violation of Title 18, United States Code, Section 922(g)(1). ECF No. 1. He made his initial appearance in federal court via writ on May 11, 2022. After he completed his post-prison supervision sanction, defendant came into primary federal custody in July 2022.

On December 23, 2022, defendant requested and the Court granted a brief 1-day furlough to attend his sister's funeral. PSR ¶ 12. On December 23, 2022, a third-party custodian picked him up from NORCOR at 9 am. Later that afternoon, on the drive back to NORCOR, defendant leapt out of the third-party custodian's vehicle and fled on foot. Pretrial issued an arrest warrant. Defendant remained on abscond status for seven months. PSR ¶ 13. During those seven months, he did not turn himself in, nor did he reach out to U.S. Pretrial.

On July 9, 2023, the defendant was involved in a shootout in which he was shot multiple times. PSR ¶ 13. During the same shootout, defendant's brother was shot and killed. *Id*. Defendant received medical treatment at Legacy Emmanuel Hospital, and eventually released to the USMS on August 25, 2023, at which point he was transported to FDC Sheridan. For obvious reasons, defendant's pretrial release was revoked with prejudice. *Id*.

On May 22, 2025, defendant pleaded guilty to Count 1 of the Indictment charging Felon in Possession of a Firearm, a violation of Title 18, United States Code, Section 922(g)(1). Pursuant to the plea agreement, the government will recommend a 63-month sentence, and defendant will request a 41-month sentence.

C.      **The Sentencing Guidelines Applied to This Case**

The government agrees with the following guidelines which are accurately reflected in the PSR computations:

| Count 1: 18 U.S.C. § 922(g)(1) – Felon in Possession of a Firearm | | |
|---|---|---|
| USSG § 2K2.1(a)(6) | Base Offense Level | 14 |
| USSG § 2K2.1(b)(4) | Obliterated Serial Number | +4 |
| USSG §3E1.1(a) and (b) | Acceptance of Responsibility | -3 |
| | **Total Offense Level** | 15 |
| | **Criminal History Category** | VI (PSR ¶ 52) |

At TOL 15, CHC VI, the advisory guideline range is 41-51 months' imprisonment. By plea, the parties had stipulated to a 2-level increase because one of the firearms was stolen, but the government agrees with the PSR that this does not apply because there is a 4-level increase for obliterated serial number. However, by plea, the government indicated that regardless of the applicable guideline range, it intended to recommend a sentence of 63 months' imprisonment.

D.      **Forfeiture**

As part of his plea agreement, defendant agreed to forfeit all right, title, and interest in and to all assets which are subject to forfeiture pursuant to 18 U.S.C. § 924(d) and/or 28 U.S.C. § 2461(c) including the firearm involved in the offense and associated ammunition. At time of sentencing, the Government will present and request the court to enter a Final Order of Forfeiture for this case.

II.     **Government Recommendation**

The government recommends a 63-month term of imprisonment, followed by a 3-year term of supervised release, and a $100 fee assessment. Such a sentence is sufficient, but not greater than necessary, to accomplish the goals of sentencing. A 63-month recommendation is

slightly above the guideline range, takes into account the serious nature of his criminal history in a way not contemplated adequately by the guidelines, and is consistent with the plea agreement.

Under the current version of the Guidelines, defendant's prior Attempt Kidnap I would qualify as a crime of violence, triggering a BOL of 20 instead of 14, and producing an advisory range of 77-96 months (TOL 21, CHC VI). Defendant avoids this 6-level increase because this Court must apply the Guidelines in effect at the time of his 2022 crime. That said, the Guidelines are a starting point, not the final answer.

A BOL of 14 does not adequately account for the defendant's dangerous criminal history. The 41-51 month advisory range in this case does not adequately protect the community from this defendant's continuous criminality. A 63-month sentence is appropriate given this defendant's history of possessing firearms illegally, and his history of putting others in significant danger as he flees from police while high on drugs. PSR ¶ 48. In his prior state prosecution for felon in possession of a firearm, he received a 26-month prison sentence. PSR ¶ 44. That did not deter him from continued gun possession. His 90-month prison sentence for Assault II in 2015 did not deter him from criminal conduct. He committed the instant offense while in warrant status on a different crime. A 63-month sentence is needed to protect the community from the unmitigated danger posed by Michael James Allen.

Dated: June 24, 2026

Respectfully submitted,

SCOTT E. BRADFORD
United States Attorney

/s/ Leah K. Bolstad
LEAH K. BOLSTAD, OSB #052039
Assistant United States Attorney

**Government's Sentencing Memorandum**                                    **Page 6**